HOWARD PETTENGILL, *Pet. for cert. versus* COUNTY COMMISSIONERS OF KENNEBEC.

It is not necessary, that the common convenience should be promoted, in order to authorize the establishment of private ways.

By the St. 1839, c. 367, "limiting the powers of County Commissioners," they were deprived of all power to lay out roads, except where the road should connect one town or plantation with another, or where a town should have refused to lay out a private way from a town or county road to the lot or lots of land, on which the petitioners should live.

While that statute was in force, the mere refusal of the *selectmen* to lay out a private way, where the *town* had not acted in the matter, did not give jurisdiction of the subject to the County Commissioners.

The County Commissioners had no power to establish or act upon private ways unless it appeared that the petitioners lived upon the lot or lots, which were to be opened to a town or county road.

THIS was a petition for a writ of *certiorari* to quash certain proceedings of the County Commissioners of this county.

It appeared, that the proceedings complained of were founded on a petition from Howard Pettengill, and Howard Pettengill, Jr. to the Commissioners, in December, 1839, setting forth that on Sept. 1, 1839, " they made application in writing to the Selectmen of the said town to lay out a road from their farm in Vassalborough, in a direction to intersect the public road, in such place as the public good may require, for the convenience and accommodation of the petitioners ; that said application was duly presented to said Selectmen, who, on the 20th of said September, unreasonably refused and neglected to lay out said road ; whereby your petitioners suffer great delay in getting from their farm to the public road aforesaid ;" and praying that the same might be laid out and established. After the parties interested and the County Attorney had been notified and heard, in August, 1840, the Commissioners adjudged, " that common convenience and necessity do not require that the road prayed for by said petition, be located and established." And at the December term, 1840, the County Commissioners " ordered said report to be accepted and recorded, and the petitioners aforesaid to pay in to the treasurer of said county the sum of thirty-one dollars and seventeen cents, that being the amount of costs expended by said county in and about said petition."

Howard Pettengill presented his petition to this Court, praying that a *certiorari* might be granted, in order that the proceedings of the Commissioners might be quashed, for these, among other reasons.

1. It does not appear by the record aforesaid, that said Commissioners adjudged reasonable or unreasonable the refusal of the Selectmen of Vassalborough to lay out said road.

2. It appears by the record aforesaid, that the said Commissioners had no jurisdiction of the case presented.

At the May Term of this Court, 1842, it was agreed by the counsel, that the case should be argued in writing, and the arguments were afterwards furnished.

The case was very fully and ably argued, but as the statute, on the construction of which the case mainly turned, continu-

ed in existence but a very short time, and as the arguments cannot well be condensed, they will be but briefly noticed.

*McCobb,* for the petitioner, said that where it appeared by the records that the Commissioners had no jurisdiction, a *certiorari* would be granted as a matter of course. *Inhabitants of Pownal, petitioners,* 8 Greenl. 271.

The Commissioners had no jurisdiction. By the stat. 1839, c. 367, their powers are limited to cases in which towns or plantations shall refuse " to lay out," &c. It does not extend, like the stat. 1821, c. 118, to a refusal by the Selectmen, as well as by the town. The petition to the County Commissioners was entered after the act of 1839 had taken effect.

It does not appear from the records, that the road prayed for was from some town or county road to the lot of land *on which the petitioners lived,* as the statute requires. And in fact they did not live upon it.

They had no jurisdiction, because the record does not show that the Selectmen unreasonably delayed or refused to lay out the way. *State* v. *Inhabitants of Pownal,* 10 Maine R. 24 ; *Clark* v. *Rockwell,* 15 Mass. R. 221 ; *Williams* v. *Blunt,* 2 Mass. R. 207 ; *Bank of Cumberland* v. *Willis,* 3 Sumn. 472.

*G. M. Weston,* County Attorney, for the respondents, said, that the statute of 1839 was a very short one, very brief in its expressions, and, critically considered, somewhat incorrect, and inartificial in its terms. But its fair construction does not limit the right of appeal in the manner contended for by the petitioner. It was intended to confine the original jurisdiction of the County Commissioners to roads which were properly public highways, or county roads, and to restrain them from laying out roads wholly within any town, by virtue of their original authority. It did not intend to alter the existing laws as to appeals in cases of town or private ways. The refusal of the town or plantation to lay out a way, must be understood as a refusal by town authority, including both the laying out, or refusal by the Selectmen, and acceptance by the town.

The language made use of, on a fair construction, shows, that the petitioners did live on the land — that it was in their personal occupation.

As to the objection, that they had no jurisdiction because the record does not show that the Commissioners adjudged the refusal to be unreasonable, it is sufficient, that there is a wide distinction between the cases cited and the present one. In them, the controverted jurisdiction was over parties, against whom, if it existed, it was adverse. Here the jurisdiction, as against the petitioners for the road, who are the present petitioners, resulted from their own act, and became absolute, when they filed a petition, averring facts sufficient to give jurisdiction to the Commissioners, whether their averment was true or false.

The opinion of the Court was delivered June 3, 1843, by

SHEPLEY J. — The petitioner, with another, applied to the County Commissioners at their December Term, 1839, stating, that the selectmen of the town of Vassalborough unreasonably refused to lay out a road from their farm to the public road, and asking that such a road might be laid out and established. The Commissioners notified and heard the parties; and in August, 1840, decided, that common convenience did not require, that the road should be laid out; and at the next term their report was accepted, and the petitioners were ordered to pay the costs. The Commissioners do not appear to have clearly distinguished between public highways and private ways. It is not necessary, that the common convenience should be promoted, in order to authorize the establishment of the latter description of ways. It is now contended in behalf of the petitioner, that the County Commissioners had no jurisdiction at that time of the subject matter of the petition. By the act of 1821, c. 118, § 10, jurisdiction was given to the Court of Sessions in such cases. And by the act of 1831, c. 500, § 3, that jurisdiction was transferred to the County Commissioners. The act of 1839, c. 367, provided, that " no board of County Commissioners shall have power to lay out any

road, or part of a road, in any town or plantation in this State, unless said road shall connect said town or plantation with some other town or plantation; or unless said town or plantation shall refuse to lay out a road for any person or persons from some town or county road to the lot or lots of land, on which such person or persons may live." The act would seem to have been drawn without much regard to the former acts upon the same subject. Its provisions were extraordinary, and they have not been incorporated into the Revised Statutes. By it the Commissioners were deprived of all power to lay out roads except in cases of two descriptions. The first class of cases was, where the road should connect one town or plantation with another; and the second, where a town should have refused to lay out a private way from a town or county road to the lot or lots of land, on which the petitioners should live. The argument of the Attorney for the county is, that such could not have been the intention, because a town was not authorized to lay out roads, but only to approve and allow of them when laid out by the Selectmen. And it is true, that if the statute were to receive a construction perfectly literal, the commissioners would have had power to lay out roads only in one class of cases, for there was no such class, as was contemplated by the words used in the second provision. And yet it is clear, that it was the intention to authorize them to revise the doings of towns in certain cases, when they had refused to act favorably for persons, who might desire roads from a town or county road to the lots on which they lived. And there being no such cases, where the Selectmen had not acted in the first instance in laying them out, the Legislature must have regarded the town as laying out the roads, when, according to the language of former statutes, it had approved and allowed them. As the roads could not be legally laid out and established by the Selectmen without the action of the town, the framers of the act seem to have regarded such action as the laying out of the roads.

It is also contended, that by the words, " unless said town or plantation shall refuse," the acts of the Selectmen, when

they refuse, should be included, on the ground that their acts are for that purpose to be considered as the acts of the town. Such a construction would have the effect to abolish all distinction between the acts of the Selectmen and those of the town in relation to this matter; while in all the previous legislation they were carefully separated and distinguished. The tenth section of the act of 1821, made provision for an application to the Court of Sessions to revise the proceedings of the Selectmen; and the eleventh section for an application for a revision of those of the town. And to the latter class of cases only, the act of 1839, seems to have alluded. The Selectmen were still left with power to lay out private ways as formerly, and their towns with power to act upon their reports; while the act took from the County Commissioners the right to revise the proceedings of the Selectmen in case of their refusal to lay out such a way; and the power to revise the proceedings of their towns, when their record was laid before them, and they refused to approve of the way, in all cases, except where the way prayed for should lead from a town or county road to the lot or lots of land, on which the petitioners should live.

But if the construction contended for by the attorney for the county could be adopted, the Commissioners would have had no power to revise the proceedings of a town except in this latter class of cases. The petition to the Commissioners in this case states, that the way desired would lead from their farm to the public road, but it does not allege, that they lived upon the farm. They might own it, "and suffer great delay in getting from their farm to the public road" without living upon it. Every allegation of the petition may be true without exhibiting a case, upon which the Commissioners, even under such a construction, would be entitled to act. And it appears to have been the design of the legislature, whatever may be the construction of the act in other respects, to prohibit the Commissioners from establishing or acting upon such ways, unless the petitioners lived upon the lots, which were to be opened to a town or county road. The record does not therefore

present a case, on which the Commissioners were authorized to act; and the writ of *certiorari*, must be granted.