INHABITANTS OF WINDHAM & *als. petitioners for certiorari.*

The statute of 1847, c. 28, § 3, requires the report of committees (appointed upon appeal, to examine into the doings of the County Commissioners,) to be made at the term of the District Court, *next after their appointment.*

Unless made at such next term, a subsequent acceptance of their report by the District Court is irregular and void.

When the County Commissioners, having located a highway upon a petition, close their proceedings upon such petition earlier than is by law allowed, a writ of *certiorari* will be granted.

AT the County Commissioners' Court, June term, 1847, a petition was entered for the discontinuance of one road, and for the establishment of another, in Windham. The Commissioners discontinued the one and located the other, as prayed for, allowing time after all proceedings should be closed on said petition, viz. : to owners of the land over which the location was made, one year in which to take off the wood and timber; and to the town, two years in which to make the road; and to the county, two years in which to pay the land-damages. The Commissioners made report of these proceedings at their De-

cember term, 1847, and ordered that the same should be recorded as of that term, which was accordingly done. From that adjudication an appeal was taken by the town, and also by some of the land owners. The appeal was entered at the March term, 1848, of the District Court, by whom, at that term, a committee was duly appointed to examine into the doings of the Commissioners and to make report at the *then next June term* of the District Court, at which term the committee made a "report in part." Their full and final report was made at the October term, affirming the doings of the Commissioners, and at that term, October, 1848, the report was accepted by the District Court, by whom no further action was ever had upon the subject.

After said appeal was taken, the petition in the Commissioner's Court was continued from term to term until their June term, 1849, at which term, though they had received no certificate of the doings of the District Court, they ordered "all proceedings upon said petition to be closed."

This petition for a *certiorari* is filed by the town of Windham and by some of the owners of the land, on which the new road was laid. Among other causes they allege —

1. That the committee appointed by the District Court neglected to make their report, as required by law, at the term of the court *next* after their appointment.

2. That the proceedings were closed by the Commissioners at least one term earlier than was by law allowed.

3. That the Commissioners closed said proceedings without being certified of the doings of the District Court, and that the District Court never did certify their doings to the Commissioners, nor ever render any judgment on the matter appealed, so that the Commissioners, when they ordered the proceedings to be closed, had no authority to act in the matter.

*Eveleth*, for the petitioners.

*Swazey*, County Attorney, *contra*.

SHEPLEY, C. J., orally. — The committee was appointed by the District Court, March term, 1848. Their report, which

was made, not at the next June term, but at the October term, 1848, affirmed the doings of the Commissioners. But it was one term too late. The Act required it to be made at the June term. The language of the statute, (c. 28, § 3, of the laws of 1847,) is emphatic, and admits of no construction. It is, that the committee " shall report at the *next term*" after their appointment. This provision, which was made for the purpose of avoiding delay, not having been complied with, all the subsequent proceedings in the District Court were irregular and void. And, further, that court in fact never made any adjudication of the case ; nor did it certify any of its doings to the Commissioners.

The Act required all proceedings in the Commissioners' Court to be stayed *till a decision was had* in the District Court. During that stay, no applications for the allowance to claimants for damages, could be received. Such applications were necessarily to be withheld until the doings of the District Court had been certified to the Commissioners. But the persons injured were entitled to have the same available length of time in which to make their applications, as if no appeal had been taken.

The doings in the Commissioners' Court were therefore closed too early.

The time allowed to the town for making the road, and to the land owners for taking off the growth, and to the county for paying the damages, was to commence from the term when all the proceedings in the original process should be closed. The Commissioners, by closing the proceedings sooner than was by law allowed, unlawfully shortened the times allowed to the town and to the land owners, and to the county for the purposes aforesaid. It is not desirable, that proceedings, so irregular, should be sanctioned.

*Writ of certiorari granted.*