ELLIS FRIEND, *Appellant from the decision of the County Commissioners of Penobscot County, versus* MOSES ABBOTT *& als., original petitioners.*

In the case of an appeal from the decision of county commissioners laying out a highway, it is for the appellant to see that a competent committee is appointed at the term when the appeal is entered.

If one of the committee then appointed be incompetent on account of his interest in the proceedings, the R. S., c. 18, § 35, authorizing the Court to "appoint some suitable person in place" of any member of the committee who "dies, refuses to act, or becomes interested," does not authorize the Court, at a subsequent term, to substitute a disinterested person in place of the interested member of the committee.

ON EXCEPTIONS.

*Wm. H. McCrillis*, for the appellant.

*L. Barker*, for the respondents.

BARROWS, J.—Looking at the several enactments regulating appeals from the decisions of county commissioners relating to highways, it is apparent that the Legislature have always had an eye to the speedy determination of all such controversies.

Such appeals were first allowed in this state by c. 28 Laws of 1847, which authorized the entry of them at the next term of the appellate court holden in the county after the return of the county commissioners is made, "and not afterwards." Further provision was made for the appointment by the Court of a special committee of three disinterested persons, "at the term when such appeal shall be entered as aforesaid, and not afterwards," and this committee was required to report at the term next ensuing.

Under this latter provision, the Court held all proceedings in the appellate court upon a report, partially made at the first, but not finally completed till the second term after the appointment of the committee, irregular and void. *Windham, Pet'rs.*, 32 Maine, 453.

Chapter 45 of the Laws of 1857, (the provisions of which are substantially incorporated into Rev. Stat., c. 18, § 35,) authorizes the reception of the report of the committee at the second term after their appointment, and also the appointment by the Court of some suitable person in place of any member of such committee who "shall die, refuse to act, or become interested in the subject matter of the appeal."

In the present case, the appeal was entered at the Jan. term of the Court, 1865. On the 27th day of that term, on motion of the appellant, there being no appearance for the respondents, a committee was appointed to whom a commission issued Feb. 15, 1865.

Upon notice of a hearing, given by the committee in the course of the following summer, the original petitioners appeared by counsel and filed their written protest against the proceedings, on the ground that two of the committee were interested at the time of their appointment and at the time of the hearing, being stockholders in a railroad company across whose land the road was located. The committee, however, made their report, reversing in part the doings of the commissioners, at the October term, 1865, being the second term after their appointment, therein stating their interest, as above, and, for this reason, the report was rejected by the Court, (*Friend, Appellant,* 53 Maine, 387,) prior to the October term, 1866. Nothing was done in the premises at that or the following terms, but, at the April term, 1867, being the seventh term after the entry of the appeal and the third after the rejection of the report, the appellant moved for the appointment of a new committee, and, on this motion, the case was continued to the October term, 1867, when it was granted by the presiding Judge, to whose order in this respect the original petitioners filed the exceptions now under consideration.

Overlooking the appellant's manifest laches and remissness, his counsel ingeniously argues that, as the committee are appointed by the Court, the statute must be so construed

as to give the Court an opportunity to correct its own error in assigning men, who when thus appointed were not disinterested as the statute requires; that the statute is remedial and should receive a liberal construction in aid of its object; that, whenever a power is given by a statute, every thing necessary to the making of it effectual is given by implication; and, finally, that the interest of the committee, at the time of their appointment, is as much within the mischief intended to be provided for as an interest acquired after their appointment.

Plausible as this line of argument seems, there is nothing in the present case to justify its application here. Here was no want of power to make the remedy effectual. Want of care in its exercise alone caused the failure,—a want of care no doubt fairly attributable to the appellant upon whose motion the appointment was made, the other party not being then represented in Court. The common practice in such cases is for the presiding Judge to confirm the nominations made by the moving party, if he recognizes the persons named as men of intelligence and probity, taking it for granted that no one would be nominated who was incompetent to act by reason of interest. It is for the appellant, if he would pursue his remedy effectually, to see to it that a competent committee is designated at the term when his appeal is entered. The design of the amendment of 1857 is to prevent the failure of the appeal by reason of casualties that could not be foreseen or prevented, not to protect the party against the consequences of mistakes which reasonable vigilance might have avoided.

The Legislature having specified the causes for which a new committee may be appointed, it passes the proper limits of construction for the Court to add to them another not named in the act.

This appeal, not having been prosecuted in the manner prescribed by the statute granting it, should have been dismissed at *nisi prius*, and the decision of the county commis-

sioners confirmed when the report of the committee was rejected. Such must now be the result.

*Exceptions sustained.*

CUTTING, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.