Eva P. Haley

*vs.*

Elton Davenport, George F. Goodspeed
and Donald S. Briggs.

Franklin.     Opinion, August 16, 1933.

*Frank W. & Benjamin Butler,*
*J. Blaine Morrison,* for plaintiff.
*Cyrus N. Blanchard,* for defendants.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   This case is before us on report on an agreed statement. It is an action of trespass quare clausum. The defendants admit that they entered on the plaintiff's land to lower the the bed of a sluggish stream leading from a small pond on the defendants' adjoining land across the plaintiff's property. It was the purpose of the defendants in so doing to drain the pond on their land so that they might remove from the bottom of it a valuable deposit of diatomaceous earth. They justify their acts under the provisions of Rev. Stat. 1930, Ch. 25, Secs. 28-35. The sole question for decision is the constitutionality of this statute.

Section 28 reads as follows:

> "*Drains across adjacent lands or highways, how authorized. R. S., Ch. 22, Sec. 28.* Persons or corporations possessing land, swamp, meadow, quarries, or mines, which by reason of adjacent lands or highways cannot be approached, drained, or used without crossing said lands or highways, may establish drains or ditches thereto, in the manner hereinafter provided."

The subsequent sections provide for the procedure to be followed and for the assessment of damages.

The traditional right of every person to possess and enjoy property has ever been jealously guarded by the law. This fundamental guarantee of liberty is expressed in our state constitution in Article I, Section 1, which declares that the "acquiring, possessing and protecting property" is an inherent and unalienable right. In section 21 of the same article it is further provided that "Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it." From this constitutional provision it necessarily follows that private property cannot be taken without the owner's consent for a private use under any circumstances. *Paine* v. *Savage*, 126 Me., 121, 136 A., 664; *Brown* v. *Gerald*, 100 Me., 351, 61 A., 785.

That the acts of the defendants here in entering the plaintiff's land and deepening the channel of a stream running through it

constituted a taking of the plaintiff's property can not be questioned. *Paine* v. *Savage*, supra. It can not be seriously contended that such taking was for a public use or that the public exigencies required it. *Hench* v. *Pritt*, 62 W. Va., 270, 57 S. E., 808 ; *Matter of Tuthill*, 163 N. Y., 133, 57 N. E., 303. Indeed the agreed statement admits "that there is no one interested in or benefited by this drainage excepting the defendants."

It has been clearly pointed out that an appropriation of property for a purpose which is a great benefit to the public is not for that reason a taking for a public use. *Brown* v. *Gerald*, supra. The Court there said, page 370 : "Neither mere public convenience nor mere public welfare will justify the exercise of the right of eminent domain. *Kinnie* v. *Bass*, 68 Mich., 625, 36 N. W., 672. If the doctrine of public utility were adopted in its fullest extent there would practically be no limit upon the exercise of this power." Again, at page 373, it is said: "The use must be for the general public, or some portion of it, and not a use by or for particular individuals." The doctrine is expressed most forcefully by Justice Kent in *Bangor & Piscataquis R. R. Co.* v. *McComb*, 60 Me., 290, 295. "This exercise of the right of eminent domain is, in its nature, in derogation of the great and fundamental principle of all constitutional governments, which secures to every individual the right to acquire, possess, and defend property. As between individuals, no necessity, however great, no exigency, however imminent, no improvement, however valuable, no refusal, however unneighborly, no obstinacy, however unreasonable, no offers of compensation, however extravagant, can compel or require any man to part with an inch of his estate. The constitution protects him and his possessions, when held on, even to the extent of churlish obstinacy."

The case of *Paine* v. *Savage*, supra, is decisive of the issue now before us. The statute, which sought to authorize timberland operators to use the unimproved lands of adjoining owners without their consent for hauling supplies or lumber, was there held unconstitutional in spite of the fact that the general benefit to the public in such use was obvious. The observations which we have here made are but a reiteration of the very clear exposition of the

law set forth in the opinion in that case. In view, however, of present conditions a reassertion of this fundamental doctrine perhaps may not be out of place.

The statute in question, Rev. Stat. 1930, Ch. 25, Secs. 28-35, is unconstitutional and void and furnishes no justification to the defendants for their entry on the plaintiff's land.

In accordance with the stipulation the entry will be

> *Judgment for the plaintiff.*
> *Case remanded to Superior Court*
> *for assessment of damages.*