GEORGE H. TUTTLE, APPELLANT

FROM

COUNTY COMMISSIONERS OF SOMERSET COUNTY.

Somerset.      Opinion February 10, 1933.

*Ames & Ames*, for appellant.
*Merrill & Merrill*, for appellees.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    Upon the petition of ten owners of real estate under improvement in Smithfield, the County Commissioners of Somerset County, having jurisdiction thereof, laid out a town way through and across the land of George H. Tuttle, the appellant, and awarded damages. No appeal from the location or from the estimate of damages having been taken or filed, at the March Term, 1931, of their court, the return was recorded and proceedings closed as provided in R. S., Chap. 27. The appellant, claiming to be aggrieved both by the location of the way and the estimate of damages done, thereafter attempted to appeal.

Parties interested may appeal from the location of a way by county commissioners at any time after their decision has been placed on file and before the next term of the Superior Court for said county, but must enter their appeal at such term. R. S., Chap. 27, Sec. 61. The Statute is mandatory, and strict compliance with its terms is necessary. *Webster* v. *County Commissioners*, 64 Me., 434 ; *Same*, 64 Me., 436. The appellant here having failed to take or enter his appeal in accordance with this provision, the location of the way by the county commissioners was final. This is conceded on the brief.

The appellant seeks, however, to save his right of appeal from the estimate of damages. He had the right to appeal therefrom, at any time before the third day of the regular term of the court of county commissioners succeeding that at which the return was made, to the term of the Superior Court first held in the county where the land was situated more than thirty days after the expiration of the time within which the appeal was to be taken, excluding the first day of its session. In order to perfect such an appeal, he was required to file notice thereof with the county commissioners within the time above limited and, at the first term of the Superior Court, file a complaint setting forth substantially the facts. R. S., Chap. 27, Sec. 8. He failed to make and perfect his appeal in accordance with this provision.

When, however, any person, aggrieved by the estimate of damages for his land taken for a town way, honestly intended to appeal therefrom and has by accident or mistake omitted to take his appeal within the time provided by law, he may, within six months after the expiration of the time when said appeal might have been taken, apply to a Justice of the court in term time or vacation and, after due notice and hearing, permission may be granted to him to take his appeal to such term of the court as the Justice shall direct and on such terms as may be ordered, and subsequent proceedings shall be as if said appeal had been seasonably taken. R. S., Chap. 27, Sec. 20. Invoking this provision, the appellant, at the January Term, 1932, of the Superior Court, was granted permission to take his appeal and directed to enter it at the following May Term.

It was then the duty of the appellant to file notice of his appeal with the county commissioners and file a complaint in the Superior Court at the designated term, setting forth substantially the facts upon which the case should be tried, in accordance with the requirements of R. S., Chap. 27, Sec. 8, *supra*. His compliance with this provision and the order of the Court was only partial. As of April 30, 1932, he filed with the county commissioners not only a notice of his intention to appeal from their estimate of damages, but also an appeal directed to the commissioners in their official capacity. At the May Term of the Superior Court, he there filed, not the complaint required by the Statute, but the appeal which he had previously filed and directed to the county commissioners.

On the eleventh day of the September Term, 1932, of the Superior Court, on motion of the Inhabitants of the Town of Smithfield, the appeal was dismissed. Thereafter, the appellant filed a motion in which he recited the fact of the dismissal of his appeal and moved for permission to amend by adding a complaint addressed to the Superior Court and intended to be in substantial compliance with the statutory requirement. The motion to amend was denied. Exceptions to both rulings were reserved.

Appeals from the decisions of county commissioners in the matter of laying out ways are regulated exclusively by statute, the provisions of which are mandatory and to be strictly construed. "The Statute is not a machine in the hands of the Court, capable of being adjusted to suit the exigencies of the case and thus enable parties to escape the legal consequences of their laches and mistakes. When the Statute provides that a thing may be done and prescribes the time and mode of doing it, these directions should be strictly followed." *Webster* v. *County Commissioners,* 64 Me., 436. In this case, compliance with the order of the court and the Statute required that the appellant file a complaint at the May Term, 1932. Unfortunately, he did not do so. His appeal, perhaps appropriate in other proceedings, can not be construed as a complaint. It was not so made or intended, and its deficiencies in form and substance do not permit it to be treated as a substitute. The complaint not having been filed as required by law, the presiding Justice properly dismissed the appeal.

The bill of exceptions does not show that the ruling denying the appellant's motion to amend was made as a matter of law. When a bill of exceptions is silent on this point, it is to be presumed that the trial court ruled as a matter of discretion, and not of law. Exceptions do not lie to the exercise of discretion in allowing and disallowing amendments. *Rendering Co.* v. *Harrington,* 114 Me., 394; *Clark, Appellant,* 111 Me., 399; *Gilman* v. *Emery,* 66 Me., 460. If it be assumed, but not decided, that the motion was timely and the proposed amendment could be properly allowed, for the reasons stated, the denial of the motion was not exceptionable.

*Exceptions overruled.*