W. Prichard Browne et al. *vs.* James H. Connor et al.

Lincoln. Opinion, September 4, 1941.

64

*Francis W. Sullivan and Saul H. Sheriff*, for plaintiffs.

*Pattangall, Goodspeed and Williamson*, for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J. This is an action brought under the provisions of R. S. 1930, Chap. 26, Sec. 19, to recover damages for a nuisance as defined in Sec. 5 of said chapter as amended by P. L. 1933, Chap. 106, to wit, the obstruction by the defendants of a private way, the use of which was enjoyed by the plaintiffs. The case is before us on report on an agreed statement of facts.

The parties are the owners of land at Southport. The plaintiffs' land, which is cultivated, is bounded on three sides by water and on the fourth side by land of the defendants. Pursuant to the provisions of R. S. 1930, Chap. 27, Sec. 16, the plaintiffs petitioned the selectmen of the Town of Southport to lay out a private way from the northeasterly boundary of their land over the land of the defendants to the town or public highway. Such petition received favorable consideration and the proper steps were taken to establish such private way. Exceptions were taken by these defendants to the allowance of the report of referees who assessed the damages in the sum of $750. These exceptions were overruled, *Connor et al.* v. *Inhabitants of Southport*, 136 Me., 447, 12 A., 2d 414, and judgment was entered for $750, together with costs, to be paid by these plaintiffs before the way might be used. The plaintiffs offered to pay the amount of this judgment but the defendants declined to accept the money, which was finally paid into court. The defendants have refused to permit the plaintiffs to improve or use the way and have obstructed it by fences and other obstacles.

The defendants claim to justify their actions on the ground that R. S. 1930, Chap. 27, Sec. 16, is unconstitutional, because, they assert, it violates the provisions of the state and federal constitutions in that it purports to authorize the taking of private property without the owner's consent for a private and not for a public use. The constitutionality of the statute is therefore the only issue before the court.

The statutory provision reads as follows:

"The municipal officers of a town may on petition therefor, personally or by agency, lay out, alter, or widen town ways and private ways for any inhabitant or for owners of cultivated land therein, if such inhabitant occupies, or such owner has cultivated land in the town which such private way will connect with a town way or highway. They shall give written notice of their intentions, to be posted for seven days, in two public places in the town and in the vicinity of the way, describing it in such notice, and they shall determine whether it shall be a town way or a private way; and if a private way, whether it shall be subject to gates and bars."

The principle is too well settled to require citation of authority that under our constitutions, both federal and state, private property cannot be taken without the owner's consent for a private use under any circumstances.

If the statute here in question violates any provision of the state or of the federal constitution, its antiquity will not save it. At the same time we must, if possible, interpret the language which the legislature has used in such manner as to sustain the enactment rather than to defeat it. The presumption is that the legislature has not disregarded constitutional prohibitions. *State* v. *Rogers*, 95 Me., 94, 49 A., 564, 85 Am. St. Rep., 395; *Ulmer* v. *Lime Rock Railroad Co.*, 98 Me., 579, 57 A., 1001, 66 L. R. A., 387; *State* v. *Pooler*, 105 Me., 224, 74 A., 119, 24 L. R. A., N. S., 408, 134 Am. St. Rep., 543; *Laughlin* v. *City of Portland*, 111 Me., 486, 90 A., 318, 51 L. R. A., N. S., 1143.

The defendants claim that the private way to which the statute refers is for the exclusive use of the owners of the land benefited and their invitees. They point out that the statute designates it as a private way, that in this instance the expense of laying it out is to be borne not by the taxpayers but by the plaintiffs for whose use it is primarily established and that it is subject to gates and bars. But these considerations are not controlling.

Though denominated a private way and though laid out on the petition of the plaintiffs primarily for the benefit of their land, it connects with the public highway system and the rights of the public in it are the same as in such public ways. It is referred to in the statute as a "private way" not because the easement is the private right of the persons benefited but rather to distinguish it from that class of ways the cost of which is met entirely from public funds.

The legislature has provided in Section 20 that the damages for such a way as this shall be paid "by those for whose benefit it is stated in the petition to be, or wholly or partly by the town" . . . We cannot assume that the legislature would presume to authorize the payment of public funds for a way, the easement in which is regarded as the property not of the public but of private individuals. Furthermore, Section 19 provides for the discontinuance by a town of such a way, a provision utterly inconsistent with the defendants' claim that the easement is not a public use.

Ways laid out under statutory provisions analogous to ours have been held by the courts of other New England states to be public ways. *Denham* v. *County Commissioners,* 108 Mass., 202; *Flagg* v. *Flagg,* 16 Gray, 175; *Davis* v. *Smith,* 130 Mass., 113; *Metcalf* v. *Bingham,* 3 N. H., 459.

The purpose of the legislature in authorizing the town to determine whether a private way shall be subject to gates and bars was to provide a method by which the owners of the land affected could lessen the hazard of unwarranted or casual intrusion on their property due to it being opened to easy ac-

cess from the main highway. In spite of the erection of gates and bars the public would still have the right to use the way in the same manner as the parties who are primarily interested in it. *Wolcott* v. *Whitcomb*, 40 Vt., 40.

Counsel for the defendants rely on two cases decided by this court: *Paine* v. *Savage*, 126 Me., 121, 136 A., 664; 51 A. L. R., 1194; and *Haley* v. *Davenport*, 132 Me., 148, 168 A., 102. Neither case is in point. In each the question was whether, because of a general benefit to the public, private property belonging to one person could, without that person's consent, be taken by another for a private use, in one case, to facilitate the conduct of logging operations carried on by the defendant, in the other, to drain land owned by the defendant.

In accordance with the stipulation of the parties the entry will be:

> *Case remanded to the Superior Court for the assessment of damages and the entry of judgment for the plaintiffs with costs.*