**TOWN OF FAYETTE**

v.

**Roberta J. MANTER and David L. Manter.\***

Supreme Judicial Court of Maine.

Argued May 1, 1987.

Decided July 30, 1987.

Jed Davis (orally), Augusta, for plaintiff.

Roberta J. Manter, pro se (orally.)

David L. Manter, pro se (orally.)

Before McKUSICK, C.J., and ROBERTS,\*\* GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Roberta J. Manter and her husband, David L. Manter, appeal from a declaratory judgment and a summary judgment entered by the Superior Court, Kennebec County, in favor of the Town of Fayette. The court determined that the Town discontinued the Young Road by abandonment pursuant to 23 M.R.S.A. § 3028 (Supp.1986) and retained a public easement as that term is defined in 23 M.R.S.A. § 3021 (1980). Although we disagree with the reasoning process employed by the Superior Court in reaching its conclusion, we nevertheless affirm the judgment.

I

David and Roberta Manter reside on the Young Road in the Town of Fayette. The Young Road was laid out by the Lincoln County Commissioners in 1791. On September 11, 1945, on the petition of the town officers of the Town of Fayette, the Kennebec County Commissioners discontinued Young Road but retained public access rights to it as a "private way subject to gates and bars." [1] In 1947 the Town con-

---

\* The Town named 32 abutting property owners to the Young Road as defendants in its Second Amended Complaint for Declaratory Judgment. Only the Manters appeal from the judgments of the Superior Court. We have therefore redesignated the title of the case to reflect the actual status of the appellants and appellees before this court.

\*\* Roberts, J., sat at oral argument and participated in the initial conference, but did not participate in the final decision.

1. The phrase "private way subject to gates and bars" meant in 1945 that the Town retained, in

effect, a public easement in the road. *See Browne v. Connor,* 138 Me. 63, 67–68, 21 A.2d 709, 710 (1941). The term "public easement" is now defined in 23 M.R.S.A. § 3021(2) (1980). The parties agree that a "private way subject to gates and bars" is the legal equivalent of a "public easement" as defined in section 3021(2). The parties also agree that when a town discontinues a road and retains a "public easement," the public has an unfettered right of access over that road but the town has no maintenance responsibility. The parties disagree over whether this definition of a public easement is constitutional. The Manters argue that a town should

veyed a portion of the land abutting Young Road now owned by David Manter to Lloyd Ingham. Ingham conveyed the parcel to Olive Mooney in 1952. Mooney conveyed the parcel to David Manter in 1971. In each of the relevant deeds the Young Road is described as "discontinued." [2]

The Manters soon began making improvements on the road, including placing gravel, leveling and grading. The road, however, was often damaged by logging operations carried out by abutting property owners along the Young Road. David Manter eventually requested the Town to reimburse him for expenses incurred in maintaining the road. The Town refused, arguing that although it retained a public easement in the road, the Town was not responsible for maintaining it, relying on the 1945 County Commissioners' order whereby the road was discontinued "subject to gates and bars."

The Town's Complaint for Declaratory Judgment was filed April 4, 1984. The Town sought to have the Young Road declared discontinued by abandonment pursuant to 23 M.R.S.A. § 3028 and to declare the present status of the road to be that of a public easement. The Manters counterclaimed for compensatory damages alleged to have resulted from the failure of the Town to maintain the road and for punitive damages. In a pretrial order the court severed the declaratory judgment action from the counterclaims and ordered that a trial on the declaratory judgment action precede any trial on the counterclaims. A trial on the declaratory judgment action

was held on August 5, 6 and 7, 1985 in the Superior Court, Kennebec County. In a decision and order dated January 10, 1986 the court declared the Young Road discontinued by abandonment and determined that the Town retained a public easement in the Young Road "as that term is defined in 23 M.R.S.A. § 3021." [3]

The Town subsequently moved for a summary judgment on the Manters' counterclaims and the court granted the motion. The court's rationale was as follows: because the Town, as a result of the January 10, 1986 order, had no legal obligation to maintain the road subsequent to 1976 and the Manters' damage claim related only to the post–1976 period, the Town was entitled to judgment as a matter of law.

In this consolidated appeal, the Manters argue that the court incorrectly found an abandonment pursuant to section 3028 or, in the alternative, that even if the court's interpretation was correct, section 3028 is unconstitutional on its face because it permits a town to retain a public easement in an abandoned public road without providing for "just compensation" as defined by article I, section 21 of the Maine Constitution.

## II

Although the issue was addressed by the parties at trial, the court expressly declined to decide the effect, if any, of the 1945 County Commissioners' order discontinuing the Young Road, on the section 3028 declaratory judgment action before it.[4] In

be permitted to retain a public easement in a road only if the town maintains it or fully reimburses private individuals as costs are incurred by those individuals in maintaining the road.

2. Roberta Manter is not an owner of the above-described parcel nor did she own any abutting property when this litigation began. She therefore was not originally named as a defendant. David and Roberta Manter apparently jointly purchased property abutting the Young Road sometime prior to trial. Roberta Manter was then subsequently added as a defendant by the Town in its Second Amended Complaint for Declaratory Judgment.

3. Section 3021(2) (1980) reads as follows:

"Public easement" means an easement held by a municipality for purposes of public access to land or water not otherwise connected to a public way, and includes all rights enjoyed by the public with respect to private ways created by statute prior to the effective date of this Act. Private ways created pursuant to sections 3001 and 3004 prior to the effective date of this Act are public easements.

4. The Town introduced as evidence documents reflecting the actions taken in 1945 by the County Commissioners and the Town of Fayette concerning the closing of the Young Road. Both parties discuss the validity of the 1945 order in their appellate briefs. We therefore disagree with the Manters' assertion that this issue is not a proper subject for appellate review.

our view, an examination of the operative legal consequences of the County Commissioners' 1945 order is a critical threshold step in resolving the current status of the Young Road.

Although various theories have been advanced by the parties concerning what effect the validity or invalidity of the 1945 order has on the current section 3028 litigation, the 1945 order may not, in any event, be attacked collaterally at this late date. The Commissioners had the power to discontinue the road in 1945 pursuant to R.S. 1944 Ch. 79, § 32.[5] Under that statute, the Commissioners were authorized to discontinue roads "leading from town to town" on the petition of "responsible persons." The statute provided that in addition to a "discontinuance," "an alternative action" could be requested of the Commissioners. "An alternative action" would, in our view, encompass the retention of a "private way subject to gates and bars," or in modern parlance, a public easement.

Chapter 79, § 35 directed the Commissioners in the event of a discontinuance to "state in their return when it is to be done, the names of the persons to whom damages are allowed, the amount allowed to each, and when to be paid." Parties aggrieved by the Commissioners' decision had statutory rights of appeal to the Superior court with respect to both an order of discontinuance (Ch. 79, §§ 56, 57) and of damages (Ch. 79 §§ 36, 39). An appeal from an order of discontinuance had to be prosecuted "at any time after it [the order of discontinuance] has been placed on file and before the next term of superior court in said county ..." R.S. 1944 Ch. 79 § 56. An appeal from the estimate of damages by the Commissioners had to be taken at any time before the 3rd day of the regular term succeeding that at which the Commissioners' return is made, to the term of the superior court, first held in the county where the land is situated, more than 30 days after the expiration of the time within which such appeal may be taken, excluding the 1st day of its session ...

R.S. 1944, Ch. 79 § 39. If no notice of appeal from the estimate of damages was filed in a timely manner the proceedings were to "be closed, recorded, and become effectual; all claims for damages not allowed by them be forever barred ..." R.S. 1944, Ch. 79, § 36.

We have previously held that a party's right to appeal from the estimate of damages by County Commissioners is limited by statute. "Appeals from the decisions of county commissioners in the matter of laying out ways are regulated exclusively by statute, the provisions of which are mandatory and to be strictly construed." *Tuttle v. County Commissioners of Somerset County*, 131 Me. 475, 478, 164 A. 541, 542 (1933) (construing R.S. 1930, Ch. 27, § 8, virtually identical predecessor statute to R.S. 1944, Ch. 79, § 39).

The record fails to disclose whether any appeals were taken from the 1945 Commissioners' order discontinuing the road. The record is also silent with respect to whether appeals were taken from the Commissioners' apparent failure to award any damages. In any event, because the validity of the 1945 order cannot now be attacked, it must be presumed to have the operative consequences apparently intended by the Commissioners: to discontinue the road, but permit the Town to retain a public easement. Thus, the declaratory judgment action brought by the Town seeking a declaration of abandonment pursuant to section 3028 that was decided by the court was superfluous. The motion for summary judgment brought by the Town and entered against the Manters on their counterclaims

---

**5.** Section 32 read as follows:

County commissioners may lay out, alter, or discontinue highways leading from town to town, and grade hills in any such highway. Nothing in any city charter shall be so construed as to deprive them of the power to lay out, alter, or discontinue county roads within the limits thereof. Responsible persons may present, at their regular session, a written petition describing a way and stating whether its location, alteration, grading, or discontinuance is desired, or an alternative action, in whole or in part. The commissioners may act upon it, conforming substantially to the description, without adhering strictly to its bounds.

for damages was equally superfluous because the Manters cannot now reassert rights of appeal that were lost to their predecessors-in-interest in 1945. *See Caporino v. Lacasse,* 511 A.2d 445, 447 (Me. 1986) ("doctrine of bar and merger prohibits relitigation of a cause of action between the same parties or their privies, once a valid final judgment has been rendered in an earlier suit on the same cause of action.") Because, however, we agree with the results reached by the Superior Court—that the Young Road is discontinued, the Town retains a public easement, and a summary judgment should be entered for the Town on the Manters' counterclaims—we affirm the judgments. *See Baybutt Const. Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 917 (Me.1983) ("[w]here the trial court's ultimate conclusion is correct in law, it must be sustained on appeal, although its conclusion may have been reached by an incorrect process of legal reasoning.")

Our analysis of the legal issues posed by this case makes it unnecessary to discuss or decide the merits of the Manters' statutory or constitutional arguments.

The entry is:

Judgment affirmed.

All concurring.