**1142** ■

Theodore GOUCHER, et al.

v.

Oscar W. HANSON, et al.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1987.

Decided Feb. 12, 1988.

R. Howard Lake (orally), Hufnagel & Lake, Winthrop, for plaintiff.

Robert J. Daviau (orally), Daviau, Jabar & Batten, Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

The defendants, Oscar and Dana Hanson, appeal from the judgment of the Superior Court, Kennebec County, granting to the plaintiff, Theodore Goucher, a permanent injunction enjoining the Hansons from impeding the access to and passage along McGaffee Mountain Road (Mountain Road).[1] On appeal, the Hansons argue that the trial court erred in finding that Mountain Road is a "town or private way with a public easement of access necessary to provide ingress and egress to property adjoining such private way." We agree and accordingly vacate the judgment.

The Hansons challenge the court's conclusion that an 1887 vote by the Town of Mount Vernon that purported to discontinue Mountain Road as a town way served only to discontinue the town's maintenance obligation while the town retained a public easement. The Hansons further argue that the discontinuance caused the ownership of Mountain Road to revert to the original owners (predecessors-in-title to the Hansons) and thus, the public, including abutting landowners such as Goucher have no right to use Mountain Road. Goucher, on the other hand, argues that the court's finding should not be disturbed. In the alternative, he argues that the court's decision should be upheld because the evidence establishes that the public or he individually had acquired an easement by prescription.

The Hansons own property abutting both sides of Mountain Road where it begins its initial ascent up the mountain. For a number of years prior to this action, the Hansons had placed barricades on the road to prevent vehicular access. When Goucher purchased land on the mountain, he intended to cut the trees on the property and haul them down Mountain Road. After the Hansons refused to allow Goucher's hauling equipment access to Mountain Road, he brought an action to enjoin them from impeding access to the road.

At trial, the Hansons introduced both a copy of an 1887 town meeting warrant containing an article to see if the Town of Mount Vernon would vote to discontinue Mountain Road and a copy of the vote to accept the article. Goucher asserts that the town's failure to award damages in

---

1. This controversy originally consisted of two complaints, *Goucher, et al. v. Hanson* and *Horne v. Hanson.* Because the two actions involved common questions of law and fact, they were consolidated pursuant to M.R.Civ.P. 42(a). For simplicity we will, when speaking of the plaintiffs, refer only to Goucher.

 

1887 rendered the discontinuance invalid. We disagree. The relevant statute in place at the time of the discontinuance provided: "A town, at a meeting called by a warrant containing an article for the purpose, may discontinue a town or private way; and the municipal officers shall estimate the damages suffered by any person thereby...." R.S. ch. 18, § 17 (1883). The statutory scheme further provided a right of appeal by "any person aggrieved by the estimate of damages." R.S. ch. 18, §§ 7, 8, 18 (1883). The validity of the 1887 discontinuance cannot now be attacked and it is presumed to have the effect intended by the town, i.e., the road was discontinued in 1887. *See Town of Fayette v. Manter*, 528 A.2d 887 (Me.1987).

Contrary to Goucher's contention, the effect of the 1887 discontinuance is a question of law and therefore we give no weight to the trial court's finding that the town intended only to discontinue its maintenance duties while retaining a public easement. In 1887, the discontinuance of a town way caused ownership of the land to revert to the original owner. *See Angell, A Treatise on the Law of Highways,* § 326, p. 438 & n. 2 (3d ed. 1886). Had the town wanted to retain a public easement in Mountain Road, it could have retained a "private way subject to gates and bars." R.S. ch. 18, § 14 (1883); *see Town of Fayette,* 528 A.2d at 887 n. 1. Since it failed to do so, we conclude as a matter of law that title to the right-of-way reverted to the owners and that the portion of Mountain Road abutting the Hansons' property is unencumbered by any easement.[2]

Goucher argues that we should affirm the judgment on the ground that he had established either that the public had acquired an easement in Mountain Road or that he had acquired a private easement. We conclude that there is insufficient evidence in the record to support a finding that either a public or private prescriptive easement had been created.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of judgment for the defendants.

All concurring.

---

2. Goucher introduced a 1973 vote to discontinue Mountain Road that would have retained a public easement. We conclude that the action of the town in 1973 was ineffective to revive any right of access.