STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-44


JAMES W. MORROW, TRUSTEE,

Plaintiff

v.

ORDER AND DECISION

TOWN OF LIMINGTON, et al.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

APR 02 2008

Douglas J. Hubbard and Sheila Hubbard own real estate on Littlefield Pond Road, also called Governor Black Road, in Limington. They requested a building permit which was initially denied by the Code Enforcement Officer "... because of the lack of a 50 foot wide right-of-way from Cape Road to your building site as required by the Limington Zoning Ordinance, Article 7, Section 7.A.1." A neighboring property owner, the plaintiff James Morrow, also objected to the granting of the building permit.

Upon the advice of the town attorney the Code Enforcement Officer later issued a building permit. Mr. Morrow appealed that decision to the Limington Board of Appeals which, in an amended notice of decision of October 1, 2007, (R.198-9) denied Morrow's appeal allowing the building permit to remain in effect. An appeal of the Board's amended decision was filed with this court. The record and briefs were submitted and oral argument has been held.

All parties agree that Governor Black Road was discontinued "subject to gates and bars" in 1931 and that the discontinuation created a public easement. A public easement is defined at 23 M.R.S.A. §3021(2) as,

> "Public easement" means an easement held by a municipality for purposes of public access to land or water not otherwise connected to a public way, and includes all rights enjoyed by the public with respect to private ways created by statute prior to the effective date of this Act. Private ways created pursuant to sections 3001 and 3004 prior to the effective date of this Act are public easements.

The characterization of a private way subject to gates and bars as a "public easement" means that, "... the public has an unfettered right of access over that road but the town has no maintenance responsibility." *Town of Fayette v. Manter*, 528 A.2d 887, n.1 (1987).

The Limington Zoning Ordinance, in Section 7.A.1, states as follows:

> No building permit shall be issued to erect any structure on a lot without frontage on a public way unless an access road meeting the following criteria has been constructed within a deeded right-of-way, a minimum of fifty feet in width. The access road shall be constructed to a minimum width of fifteen feet if serving one to two dwelling units. The access road shall contain a minimum depth of fifteen inches of bank-run gravel and have drainage ditches and culverts a minimum size of fifteen inches at all appropriate points. Such an access road shall serve no more than two dwelling units. Any access road serving three or more dwelling units shall meet the road design and construction standards applicable to new private roads (see Section 7.J.). The costs of road construction or improvements shall be the responsibility of the applicants and/or person(s) requesting the building permit.

There is no claim in this case that the Hubbards will be constructing an access road that meets the Town's width and other requirements. The issue is whether the Governor Black Road is a "public way" as required by Section 7.A.1. The term "public way" is not defined in the ordinance. See definitions at §2.B and the definition of "street" which "shall not include those ways which have been discontinued or abandoned."

The key conclusion of the Board was conclusion 2, at R. 199, which states, "The Board reasoned that Section 7.A.1. of the Limington Zoning Ordinance is in place to ensure adequate access to a lot before a building permit is issued. The Hubbards have access via the public easement, so the need for access has already been met. Therefore, the details for road construction in 7.A.1., including but not limited to deeded right-of-

2

way and a 50' minimum road width, are not applicable." The Board also stated in finding 7 that, "The Code Enforcement Officer stated that the road is well-maintained and does not view the road as dangerous for passage of emergency vehicles." I will assume that the Board agreed with the Code Enforcement Officer's description of the road.

The Ordinance must be carefully examined to determine precisely what words were used. The relevant portion of Section 7.A.1. requires that the frontage be "on a public way." In this case the frontage is on a "public easement" where the public has access, but not ownership, and where there is no maintenance obligation upon the town. The statutory definition of "public easement" suggests that a "public easement" is not the same as a "public way" but rather serves as a connector to a public way.

The Ordinance does indeed require "adequate access" but it also determines what constitutes "adequate access." Either a public way or a properly built access road provides "adequate access." Whether a "public easement" might provide access that by chance is at least currently adequate in a practical sense is not the question. The ordinance defined precisely what is necessary before a building permit can be granted. Since Governor Black Road is not currently a public way the building permit should not have been granted regardless of how sympathetic the request was.

The entry is:

Amended notice of decision of October 2007 of the Limington Board of Appeals is reversed. The building permit issued to Douglas Hubbard and Sheila Hubbard is vacated.

Dated:     March 19, 2008

Paul A. Fritzsche
Justice, Superior Court

3

PLAINTIFF:

DAVID A LOURIE ESQ
189 SPURWINK AVENUE
CAPE ELIZABETH ME   04107-9604

DEFENDANT - TOWN OF LIMINGTON

DURWARD W PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

PARTIES-IN-INTEREST DOUGLAS & SHEILA HUBBARD

NICHOLAS KEREST ESQ
PIERCE ATWOOD
ONE MONUMENT SQ
PORTLAND ME   04101-1110