STATE OF MAINE                                   SUPERIOR COURT
KENNEBEC, ss.                                    CIVIL ACTION
                                                 Docket No. AP-06-77
                                                 N/M - KEN- 12/2/50


JAMES MORGAN MINER and
LOUISA MINER,

              Plaintiffs

v.                                               DECISION AND ORDER

INHABITANTS OF THE TOWN OF
BENTON, et al,

              Defendants and Interested
              Parties


        Pursuant to M.R. Civ. P. 80B, the plaintiffs seek judicial review of an October 19,

2006 decision of the Board of Appeals for the Town of Benton (Board).  The Board

upheld decisions by the Code Enforcement Officer (CEO) for the Town to issue land use

permits to (1) Lance Shores and Nichole Higgins, and (2) Debra Hood.[1]  (See R. Index 5,

Tabs 1, 2).)  Proper issuance of a land use permit requires compliance with a Benton

ordinance, which states that "[n]o land use permit shall be issued to erect any structure

on a lot without required frontage on a public way."  Benton, Me., Land Use Ordinance,

§ VIII(A)(1).  The ordinance further provides that an access road "constructed within [a]

right-of-way deeded in favor of the lot(s) to be developed" may be provided in place of

frontage on a public road.[2]  Id. at § VIII(A)(1)(a).  Because the deed by which Debra

Hood acquired her property did not include the grant of a right-of-way,[3] whether the

CEO's decision to issue Debra Hood the permit was proper depended upon the

---

[1] Plaintiffs are not seeking review of the Board's decision with regard to Lance Shores and Nichole
Higgins's land use permit. (Pls.' Br. at 5 n.2.)
[2] At the hearing before the Board, both parties agreed to apply section VIII(A)(1)(i) of the Benton
Ordinance, which requires that the right-of-way "be a minimum of 20 feet in width." (R. Index 1 at 1-2.)
[3] (R. Index 5, Tab 5.)

existence of a public right-of-way to her property. Before the Board, the CEO testified to her determination that a public right-of-way existed over Stagecoach Lane,[4] based upon an opinion letter by an attorney for the permittees, documents referenced in that letter, and upon an examination of the site itself. (R. Index 2 at 2.) The plaintiffs acquired their property, which abuts the western entrance of Stagecoach Lane, on October 29, 1988 by warranty deed.[5] They argued that Stagecoach Lane had been discontinued. The Board found that the plaintiffs had "not carried their burden to present 'substantial evidence' that the pertinent road sections had been discontinued." (R. Index 1 at 3.) For the following reasons, the Board's decision is affirmed.

STANDARD OF REVIEW

On an appeal pursuant to M.R. Civ. P. 80B, the record is examined to determine if the Board abused its discretion, committed errors of law, or made findings that are not supported by substantial evidence in the record. Tinsman v. Town of Falmouth, 2004 ME 2, ¶ 8, 840 A.2d 100, 103. The substantial evidence standard requires the court "to examine the entire record to determine whether on the basis of all the testimony and exhibits before the [Board] it could fairly and reasonably find the facts as it did." Seven Islands Land Co. v. Maine Land Use Regulation Comm'n, 450 A.2d 475, 479 (Me. 1982) (citations omitted). "[T]he fact that two inconsistent conclusions can be drawn from the evidence does not mean that a Board's finding is unsupported by substantial evidence." Conservation Law Found., Inc. v. Town of Lincolnville, 2001 ME 175, ¶ 6, 786 A.2d 616, 619. To prevail on appeal, the plaintiffs must demonstrate "not only that the Board's findings are unsupported by record evidence, but also that the record compels contrary findings." Total Quality, Inc. v. Town of Scarborough, 588 A.2d 283, 284 (Me. 1991).

---

[4] "Stagecoach Lane" is a portion of what was once referred to as "Old Albion Road." (See R. Index 5, Tab 15 at 7, 9.)

[5] (See R. Index 5, Tab 6).

2

The burden of persuasion rests with plaintiffs, who seek to overturn the Board's decision. See Mack v. Mun. Officers of the Town of Cape Elizabeth, 463 A.2d 717, 720 (Me. 1983). Interpretation of the language of a local ordinance is a question of law that is reviewed de novo. Isis Dev., LLC v. Town of Wells, 2003 ME 149, ¶ 3, 836 A.2d 1285, 1287.

DISCUSSION

The plaintiffs' argument before the Board, now pressed on appeal, is that Stagecoach Lane was "closed and discontinued by the County Commissioners in 1949, or in the alternative was abandoned by the Town as early as 1938." (Pls.' R. Br. at 3.) Accordingly, plaintiffs argue, the Board's finding to the contrary is clearly erroneous, and Debra Hood does not have the public right-of-way access to her property required by ordinance.

The county commissioners had the power to discontinue Stagecoach Lane. R.S. ch. 79, § 32 (1944);[6] see Town of Fayette v. Manter, 528 A.2d 887, 889 (Me. 1987). To support their contention that Stagecoach Lane was discontinued in 1949, plaintiffs point to a 1949 petition by the Benton selectmen to the commissioners of Kennebec County. (See R. Index 6 (Exs. 2-4).) In March 1949, the Town placed two articles on an annual Benton town meeting "to see if the town will vote to discontinue" the road sections

---

[6] Section 32 read as follows:

> County commissioners may lay out, alter, or discontinue highways leading from town to town, and grade hills in any such highway. Nothing in any city charter shall be so construed as to deprive them of the power to lay out, alter, or discontinue county roads within the limits thereof. Responsible persons may present, at their regular session, a written petition describing a way and stating whether its location, alteration, grading, or discontinuance is desired, or an alternative action, in whole or in part. The commissioners may act upon it, conforming substantially to the description, without adhering strictly to its bounds.

pertinent to this appeal.[7] (R. Index 6 (Ex. 3, Articles 37 and 38).) The articles provide that there had been "difficulties on discontinuing these roads such as property rights and management," and the selectmen were "granted authority to see what they can do." (Id.) Thereafter, a petition by the selectman to "close" the road sections was granted by the commissioners and recorded in the August 9, 1949 report. (R. Index 6 (Ex. 4).)

In this case, the Board, noted that the selectmen had used and understood the term "discontinue" when they petitioned to "close" the road sections. The Board found that the plaintiffs had not carried their burden to prove that the "pertinent road sections had been discontinued." (R. Index 1 at 3.) In 1949, the selectmen chose to "close" the road, after noting the difficulties associated with "discontinuing" the road, and petitioned the commissioners accordingly. The record does not compel a finding that the commissioners intended to "discontinue" the road. See, e.g., Manter, 528 A.2d at 889 (report "must be presumed to have the operative consequences apparently intended by the Commissioners").

> Regarding abandonment, the Board found that even assuming
>
> that the road sections pertinent to this appeal had not been maintained by the Town for a continuous period of 30 years following the 1949 report, abandonment of the road sections would not have occurred until 1979. In that event, a public easement in the old road sections 66 feet in width would have been retained. See 23 M.R.S.A. §3026(1).

(R. Index 1 at 3-4.)

By statute, a road is presumed to be abandoned[8] when a town makes no expenditures on the road for 30 consecutive years. 23 M.R.S. § 3028; see Town of S.

---

[7] Specifically, "that part of the Old Albion Road, so-called, starting at the Lord Road, so-called, over Denico Hill to the present intersection with the Albion Road." (R. Index 6 (Ex. 3, Articles 37 and 38).)

[8] A way that has been abandoned "is relegated to the same status as it would have had after a discontinuance pursuant to section 3026." 23 M.R.S. § 3028.

Berwick v. White, 412 A.2d 1225, 1226-27 (Me. 1980). Statutory abandonment occurs at the end, rather than the beginning, of the 30-year period. Town of Cornville v. Gervais, 661 A.2d 1127, 1128 (1995). For purposes of analyzing the abandonment issue, the Board assumed that the Town stopped maintaining the road in 1949, following the petition to "close" the road. (R. Index 1 at 3.) If this date is accepted, statutory abandonment, as the Board noted, occurred in 1979, and a public easement was retained. (Id. at 3-4.); see Knud E. Hermansen & Donald R. Richards, Maine Roads and Easements, 48 Me. L. Rev. 197, 251-52, 271-73 (1996) (retention of a public easement presumed for town roads discontinued or abandoned after September 3, 1965); Craig v. Davis, 649 A.2d 1096, 1097 (Me. 1994) (retention of a public easement presumed for county roads discontinued or abandoned after July 29, 1976).

The plaintiffs argue that the Town stopped maintaining the road in 1938, pointing to a 6/8/06 letter from Attorney Goodall, an attorney for Debra Hood, to the Town of Benton selectmen, which provides that "[t]he Averills' statement indicates that the Town may have stopped maintaining these roads as early as 1938." (R. Index 5, Tab 15 at 4.) The Board's decision to accept 1949, rather than 1938, as the date abandonment began is supported by the record. The Averills' statement, upon which Attorney Goodall apparently relied, states, in relevant part, that "[t]he Old Albion Road, now Stagecoach Lane, has been used continuously by my family since 1938 to get to the back part of our farm. Even though the town stopped maintaining this road, the road was still passable." (R. Index 6 (Ex. 5).) This statement does not compel a finding that Stagecoach Lane was abandoned in 1938.

The plaintiffs also contend that the CEO did not fulfill her duties under the Benton ordinance when she issued the permit to Debra Hood. (Pls.' Br. at 5.) Specifically, the plaintiffs contend that the CEO failed to ensure a soil test on Debra

5

Hood's lot had been performed and did not require the attachment of a plot plan to Debra Hood's application. (Pls.' Br. at 5-7.) The provision upon which the plaintiffs rely requires that a land use permit application include certain information, "except when the Code Enforcement Officer determines that it is not necessary." Benton, Me., Land Use Ordinance, §§ III(D)(1); III(D)(1)(g)(i)-(ii). The record shows that the CEO viewed the area in question and reviewed pertinent materials, including those submitted by Attorney Goodall. (See R. Index 2 at 2, 5.) The ordinance does not require the CEO to examine or demand the specific information or documentation referred to by the plaintiffs.

The plaintiffs also assert that the CEO ignored the requirement that the access road to Debra Hood's property "be constructed and maintained in such a way as to not cause soil erosion or drainage problems or hazard to the traveling public." Benton, Me., Land Use Ordinance, § VIII(A)(1)(a)(i); (Pls.' Br. at 6-7.) The record shows that the CEO viewed and measured the roadway in question, and noted at the hearing that "it's not a particularly good roadway but it's passable." (R. Index 2 at 4.) The plaintiffs' argument that it "is evident from the photographs that were introduced . . . the road has clearly not been constructed and maintained" in compliance with the ordinance does not alter this conclusion.

Finally, the plaintiffs argue that the "Town of Benton is equitably estopped from reversing its written position that the Old Albion Road had been discontinued in the 1940s and that it would not issue any permits to anyone trying to access their property by that road without written authorization from Plaintiffs." (Pls.' Br. at 3.); see Maine Sch. Admin. Dist. No. 15 v. Raynolds, 413 A.2d 523, 533 (Me. 1980) ("equitable estoppel may be applied to activities of a governmental official or agency in the discharge of governmental functions"). To prevail in their equitable estoppel claim, the plaintiffs

6

must establish that (1) the statements or conduct of the Town official induced the plaintiffs to act; (2) the reliance was detrimental; and (3) the reliance was reasonable. Tarason v. Town of S. Berwick, 2005 ME 30, ¶ 15, 868 A.2d 230, 234. The record contains no evidence that the plaintiffs relied upon statements by Town officials[9] to their detriment.[10] See Shackford & Gooch, Inc. v. Town of Kennebunk, 486 A.2d 102, 105-06 (Me. 1984) ("Proper application of the doctrine of equitable estoppel rests on the factual determination that 'the declarations or acts relied upon must have induced the party seeking to enforce the estoppel to do what resulted to his detriment, and what he would not otherwise have done.'").

---

[9] Plaintiffs rely on written correspondence during 1995, specifically a letter dated 8/28/95 from the Chairman of Selectmen & Assessors of the Town of Benton, Charles Kent, and a letter dated 10/12/95 from the Town's Attorney, Clifford Goodall. (R. Index 5, Tabs 8, 12.) In the 10/12/95 letter, Charles Kent, in response to a letter from the plaintiffs' attorney requesting a correction of an error in the Assessor's maps for the Town of Benton, stated, in relevant part:

> I have spoken with our CEO, in regard to permits being given out for homes beyond Mr. Miner's property, he has informed me, that Mr. Miner gave permission for the present homes to be built and that he would not give out permits that were not approved by Mr. Miner.

(R. Index 5, Tab 8 at 1.) Subsequently, in a letter dated 9/22/95, the plaintiffs' attorney indicated that his clients were "also concerned that the Board of Selectman assigned street numbers on the discontinued and abandoned 'Old Albion Road'." (R. Index 5, Tab 9 at 2.) In response, Clifford Goodall, the Town's attorney, noted that the Town of Benton had asked him to address the plaintiffs' concerns and stated:

> The second issue concerns the apparent assigning of street numbers by someone to residences on what may be a discontinued road and may or may not be a public way, private way, public easement or private easement for access to those residences. The Town of Benton takes no position concerning the ownership of the access to the properties on the old road which are of concern to the Miners. The use of that old road is strictly a private matter because it is not a town way and the town has no responsibility for it or no authority over it because it was discontinued by the county in the 1940s. In addition, the town has no authority to prohibit anyone from identifying their property by using a numbering system or a road name for a way which is not a town road.

(R. Index 5, Tab 12 at 1-2.)

[10] Because the court is limited to review of the record before the Board, the court declines to consider plaintiffs' unsupported assertion in their brief that "[o]ne of the steps Plaintiffs were prepared to take in 1995 was to seek a declaratory judgment to determine the ownership status of Old Albion Road and whether it was subject to any easements." (Pls.' Br. at 4); see Sahl v. Town of York, 2000 ME 180, ¶ 11, 760 A.2d 266, 269.

By order dated 7/2/08, the court determined that neither the complaint nor the plaintiffs' supplemental offer of proof constituted the required detailed statement of evidence. See M.R. Civ. P. 80B(d). Accordingly, no trial of facts was held.

7

The entry is

> The Decision of the Board of Appeals for the Town of Benton is AFFIRMED.

Date: December 31, 2008

Nancy Mills
Justice, Superior Court

KENN-AP-06-77

8

Date Filed __11/3/06__ ____Kennebec____ Docket No. __AP06-77__
                              County

Action ____Petition_for_Review____                    **J. Mills**
              80B

                                        Alton Stevens, Esq.(Town of Benton & Other
                                        Marden, Dubord, Bernier & Stevens
                                        PO Box 708, 44 Elm Street
                                        Waterville, ME  04903-0708
        James M. and Louisa Miner          vs.  Inhabitants of the Town of Benton, et als

Plaintiff's Attorney                    Defendant's Attorney    (James Thornhill)

    Waldemar G. Buschmann, Esq.             Thomas J. Nale, Esq.  (Hood & Averill)
    P.O. Box 417                            30 Elm Street, PO Box 633
    Waterville, Maine  04903-0417           Waterville, ME  04903-0633


                                        Peter Dawson, Esq. (Elizabeth Day PII)
                                        PO Box 5036
                                        Augusta Maine  04332-5036
                                        -Donald J. Gasink, Esq.(Day & Kenny-Day)
| Date of Entry | | 82 Winthrop St, Augusta, ME  04330 |

| Date of Entry | |
|---|---|
| 11/3/06 | Petition for Review of Decison by Board of Appeals for the Town of Benton, filed. s/Buschman, Esq. |
| 11/17/06 | Amended Complaint (Rule 15), filed. s/Buschmann, Esq. (filed 11/16/06) |
| 11/21/06 | Ronald & Annette Hood and Roger & Rachel Averill's Answer to Plaintiffs' Petition for Review of Decision by Board of Appearls for the Town of Benton, filed. s/Nale, Esq. |
| 11/21/06 | Notice of briefing schedule mailed to attys of record. |
| 11/22/06 | Ronald & Annette Hood, Brian & Debra Hood, and Roger & Rachel Averill's Answer to Plfs' Petition for Review, filed. s/Nale, Esq. (Amended) |
| 11/27/06 | Motion for Extension of Time by Party-in-Interest Gerald Day, filed. s/ Dawson, Esq. Motion for Extension of Time by Party-in-Interest Elizabeth Kenny-Day, file s/Dawson, Esq. Proposed Order, filed. Certificate of Service, filed. s/Dawson, Esq. |
| _____ | Ronald & Annette Hood, Brian & Debra Hood, Roger & Rachel Averill and Bonnie Thornhill's Second Amended Answer to Plaintiff's Petition for Review, filed. s/Nale, Esq. |
| 11/29/06 | Answer to Amended Complaint on behalf of Defendants, filed. s/Stevens, Esq. |
| 12/07/06 | Motion to Determine Future Course of Proceedings, filed 11/03/06. s/Buschmann, Esq. |
| 12/11/06 | Letter informing the court there is no objection to pending motion to extend time, filed. s/Dawson, Esq. |
| 12/19/06 | ORDER ON MOTION FOR EXTENSION, Studstrup, J. Time extended to January 9, 2007 and Rule 80B requirements stayed until such time. Copies mailed to attys of record. |

| Date of Entry | Docket No. _____ |
|---|---|
| 12/15/06 | Original summons with return of service made upon Annette Hood on 11/8/06.<br>Original summons with return of service made upon Ronald Hood on 11/8/06.<br>Original summons with return of service made upon Elizabeth Day on 11/8/06.<br>Original summons with return of service made upon Gerald Day on 11/8/06.<br>Original summons with return of service made upon Bonnie Thornhill on 11/8/06.<br>Original summons with return of service made upon James Thornhill on 12/7/06.<br>Acknowledge of Receipt of Summons and Complaint received by Alton C. Stevens, Esq. |
| 12/26/06 | Ronald & Annette Hood, Brian & Debra Hood, Roger & Rachel Averill and James & Bonnie Thornhill's Third Amended Answer to Plaintiffs' Petition for Review, filed. s/Nale, Esq.<br><br>Letter entering appearance, filed. s/Nale, Esq. |
| 1/8/07 | Gerald T. Day & Elizabeth M. Kenny-Day's Answer to Plaintiffs' Petition for Review and Counterclaim, filed. s/Dawson, Esq.<br>Certificate of Service, filed. s/Dawson, Esq. |
| 1/17/07 | Defendant's Reply to the Counterclaim of Parties-In-Interest Day and Kenny-Day, filed. s/Stevens, Esq. |
| 1/22/07 | Plaintiffs' Answer to Counterclaim by Gerald D. Day and Elizabeth M. Kenny-Day, filed. s/Buschmann, Esq.<br>Motion to Add Parties-in-Interest and to Substitute Parties, filed. s/Buschmann, Esq.<br>Proposed Order, filed.<br>Proposed Order, filed.<br>Certificate of Service, filed. s/Buschmann, Esq. |
| 9/19/07 | Hearing/Confernece Record:1.Record of proceedings before Benton Board of appeals to be prepared and filed within 21 days.<br>(2). any motion to be filed within 21 days of filing of reocrd.<br>(3). After motions filed Clerk to set for hearing on all motions includin<br>petitions motion for trial of the fact. s/Studstrup<br>copis sent to all parties |
| 10/24/07 | Town of Benton's Record on Appeal, filed. s/Buschmann, Esq.<br>**(Record in vault)** |
| 10/25/07 | Entry of Appearance, filed. s/Gasink, Esq. |
| 10/30/07 | Motion to Expand Time to File Record, filed. s/Buschmann, Esq. (10/10/0 )<br>Proposed Order, filed. |
| 11/5/07 | Motion to Expand Time to file Recordof proceedings before Benton Town Boa<br>Appeals is extended to October 24,2007. Judge Mills<br>Copies mailed to parties |
| 11/8/07 | Motion To Enlarge Time To File Motions, filed 11/7/07. s/Buschmann, Esq. |
| 11/9/07 | ORDER, Mills, J. 11/8/07<br>Motion to Enlarge Time to File Motions is granted and the deadline for the parties to file motions to extend is January 10, 2008.<br>Copy to attorneys. |

James M. and Louisa Miner vs. Inhabitants of the Town of Benton, et al.

| Date of Entry | Docket No. AP-06-77 |
|---|---|
| 2/7/08 | 2/1/08: No record has been filed pursuant to MRCiv.P. 80B(e). This case is dismissed for want of prosecution. 80B(h)/s/Nancy Mills, Justice<br><br>2/7/08: copy of the above order mailed to counsel of record this date. |
| 2/14/08 | Motion To Reconsider and To Set Aside, filed. s/Buschmann, Esq.<br>Record on Appeal, filed. s/Buschmann, Esq. |
| 2/20/08 | Letter with attachment, filed 2/19/08. s/Stevens, Esq. |
| 2/26/08 | Defendants' Objection To Motion To Reconsider And To Set Aside, filed 2/19/08, with copy of Notice and Briefing Schedule. s/Nale, Esq.<br><br>Letter regarding Motion To Determine Future Course and Record On Appeal, filed 2/20/08, with attachments. s/Buschmann, Esq. |
| 3/3/08 | Amended Motion To Reconsider and To Set Aside, filed 2/27/08. s/Buschmann, Esq. |
| 3/6/08 | Defendants' Memorandum In Opposition To Plaintiff's Amended Motion To Reconsider, filed 3/3/08. s/Nale, Esq. |
| 4/29/08 | Plaintiffs' Motion to set aside the Court's February 1, 2008 Order is GRANTED. Mills, J. (4/28/08)<br>Copy mailed to attorneys of record. |
| 5/21/08 | Proposed Order, filed 5/19/08. s/Buschmann, Esq. |
| 6/11/08 | Offer of Proof (unsigned) and Supplemental Offer of Proof, filed 6/9/08. s/Buschmann, Esq. |
| 6/11/08 | Defendants' Memorandum In Opposition To Plaintiff's Offer Of Proof And Supplemental Offer Of Proof, filed. s/Nale, Esq. |
| 6/24/08 | Motion To Amend Complaint and to Join Additional Parties, filed 6/23/08. s/Buschmann, Esq. |
| 7/7/08 | Notice And Briefing Schedule mailed to attorneys of record. |
| ____ | ORDER, Mills, J. (7/2/08)<br>Neither the complaint nor this supplemental offer constitutes the required detailed statement of evidence. M.R.Civ.P. 80B(d). Case will proceed on Count I. |
| 7/23/08 | ORDER on Motion To Amend Complaint and to Join Additional Parties, Mills, J. (7/21/08)<br>Motion DENIED. Corrective deed was recorded 2/27/08.<br>Copy mailed to attorneys of record. |
| 8/29/08 | Plaintiffs' Brief, with attachment, filed 8/18/08. s/Buschmann, Esq. |
| 9/19/08 | Defendants' Reply Brief, filed 9/17/08. s/Nale, Esq.<br>Attachments filed. |
| 9/29/08 | Plaintiffs' Reply Brief, filed 9/26/08. s/Buschmann, Esq. |
| 10/6/08 | Letter informing the court that no brief will be filed on behalf of Town as the Town has instructed not to do so. s/Stevens, Esq. |

| Date of Entry | Docket No. |
|---|---|
| 12/31/08 | DECISION AND ORDER, Mills, J.<br>The Decision of the Board of Appeals for the Town of Benton is AFFIRMED.<br>Copy mailed to attorneys of record.<br>Copy mailed to repositories. |
| 12/31/08 | Notice Of Removal Of Exhibits mailed to attorneys of record. |